

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00401-CR

---

PHUN HRAM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 084813-A-CR, Honorable Dee Johnson, Presiding

---

July 8, 2026

OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Appellant, Phun Hram, appeals his conviction for the offense of solicitation of prostitution[1] and resulting sentence of six months' incarceration and $300 fine. Appellant's sole issue presents a challenge to the trial court's denial of Appellant's pre-trial motion to suppress.[2] We affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE § 43.021(a).

[2] The actual title of Appellant's motion to suppress is "Defendant's Motion to Dismiss Pursuant to Suppression of Illegally Obtained Evidence."

## BACKGROUND

The facts of this case are not in dispute. The Amarillo Police Department conducted a prostitution sting operation on September 28, 2023, at a local motel. Officer Patricia Moreno posed as a prostitute. After Appellant indicated that he wanted to have intercourse with Moreno in exchange for a fee, the two negotiated a price. Moreno sent Appellant to a hotel room where he was arrested. Appellant was subsequently charged with the offense of solicitation of prostitution. Prior to trial, he filed a motion to suppress in which he argued that the "[p]olice were not allowed to commit the offense [of prostitution] to provoke the offense [of solicitation]" and, thus, all evidence obtained by the police in this case was inadmissible under the United States and Texas constitutions and article 38.23 of the Texas Code of Criminal Procedure. After conducting a hearing, the trial court denied Appellant's motion. Pursuant to a plea bargain, Appellant pleaded guilty and was sentenced as identified above. He timely filed the instant appeal.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *State v. Ruiz*, 577 S.W.3d 543, 545 (Tex. Crim. App. 2019). We give almost total deference to the trial court's determination of historical facts and review de novo the application of the law to the facts. *Gonzales v. State*, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012). However, the instant case presents us with a question of law based on undisputed facts and, therefore, we apply a de novo standard of review. *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).

We begin by noting that Appellant is not relying on the defense of entrapment. *See* TEX. PENAL CODE § 8.06. Rather, Appellant contends that by offering to give Appellant oral sex in exchange for money, Moreno committed a violation of law and any evidence obtained by her unlawful act is inadmissible against Appellant.

A person commits the offense of solicitation of prostitution if the person knowingly agrees to pay a fee to another person for the purpose of engaging in sexual conduct with that person or another. *Id*. § 43.021(a). Evidence obtained by an officer or other person in violation of the law shall not be admitted in evidence against an accused in the trial of any criminal case. TEX. CODE CRIM. PROC. art. 38.23(a). Article 38.23(a) is usually applied to cases in which confessions were unlawfully obtained and claims that objects, such as contraband, were obtained by unlawful searches and seizures. *Watson v. State*, 10 S.W.3d 782, 784 (Tex. App.—Austin 2000, no pet.).

Article 38.23 prohibits any evidence obtained in violation of law from being admitted against the accused in a criminal trial. TEX. CODE CRIM. PROC. art. 38.23(a). The purposes underlying article 38.23(a) are the same as those underlying the federal exclusionary rule: "to protect a suspect's privacy, property, and liberty rights against overzealous law enforcement," and the primary purpose "is to deter unlawful actions which violate the rights of criminal suspects in the acquisition of evidence for prosecution." *Wilson v. State*, 311 S.W.3d 452, 458–59 (Tex. Crim. App. 2010). "Article 38.23(a) may not be invoked for statutory violations unrelated to the purpose of the exclusionary rule or to the prevention of the illegal procurement of evidence of crime." *Id*.; *see Watson*, 10

3

S.W.3d at 784 (collecting cases where article 38.23(a)'s exclusionary rule not applied to statutory violations and refusing to apply it to violation of prostitution statute). Here, because Moreno did not violate Appellant's rights, Appellant lacks standing to complain that the evidence against him was unlawfully obtained. *Aikman v. State*, No. 07-20-00317-CR, 2022 Tex. App. LEXIS 2648, at *6–7 (Tex. App.—Amarillo Apr. 22, 2022, pet. ref'd) (mem. op., not designated for publication); *Palumbo v. State*, No. 01-13-01072-CR, 2015 Tex. App. LEXIS 3831, at *9 (Tex. App.—Houston [1st Dist.] Apr. 16, 2015, pet. ref'd) (mem. op., not designated for publication); *Watson*, 10 S.W.3d at 784; *see Chavez v. State*, 9 S.W.3d 817, 819 (Tex. Crim. App. 2000) (en banc) (appellant lacked standing to challenge legality of seizure because her rights were not violated).

We note that Appellant's construction of article 38.23(a) would lead to an absurd result. Article 38.23(a) treats "state action" and "private action" the same or on equal footing. *Chavez*, 9 S.W.3d at 820. Under Appellant's construction, since article 38.23(a) applies to the acts of an "other person," a criminal defendant could successfully argue that the testimony of a real prostitute who offered to perform a sexual act with the defendant for a fee to which he agreed would be inadmissible because the prostitute violated the law. *Watson*, 10 S.W.3d at 784; *see also Chavez*, 9 S.W.3d at 821 (Keller, J., concurring) (construction advanced by Appellant would require exclusion of all accomplice testimony). We may not construe a statute in a manner that would lead to absurd results. *Wright v. State*, 201 S.W.3d 765, 768 (Tex. Crim. App. 2006).

Finally, the exclusionary rule found in article 38.23 contemplates that a crime has already been committed, that evidence of that crime exists, and that officers violated the law in attempting to obtain evidence of the previously committed crime. *Day v. State*, 614

4

S.W.3d 121, 128–29 (Tex. Crim. App. 2020).  To be covered by article 38.23, "the officers must act illegally in obtaining existing evidence of an offense."  *Id*. at 129.  Since evidence of Appellant's criminal wrongdoing could not have been "obtained" prior to his commission of the crime, the evidence that Appellant committed the offense was not obtained as the result of Moreno's unlawful acts.  *Id*.; *Lu v. State*, No. 05-22-00235-CR, 2023 Tex. App. LEXIS 3701, at *19–20 (Tex. App.—Dallas May 31, 2023, no pet.) (mem. op., not designated for publication).

We overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.


Judy C. Parker
Chief Justice


Publish.

5